# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO<br><br>                                    Plaintiff,<br>     vs.<br>NATIONAL STEEL & SHIPBUILDING COMPANY; NATIONAL STEEL & SHIPBUILDING CORPORATION; NATIONAL IRON WORKS; MARTINOLICH SHIP BUILDING COMPANY; SOUTHWEST MARINE, INC.; BAE SYSTEMS SAN DIEGO SHIP REPAIR, INC.; SAN DIEGO MARINE CONSTRUCTION COMPANY; STAR AND CRESCENT BOAT COMPANY, a division of SAN DIEGO MARINE CONSTRUCTION COMPANY; STAR AND CRESCENT BOAT COMPANY; STAR AND CRESCENT INVESTMENT COMPANY; STAR AND CRESCENT FERRY COMPANY; SAN DIEGO MARINE CONSTRUCTION CORPORATION; MCCSD; CAMPBELL INDUSTRIES; SAN DIEGO GAS & ELECTRIC; UNITED STATES NAVY; SAN DIEGO UNIFIED PORT DISTRICT; and DOES 1-100, inclusive,<br><br>                                    Defendants.<br>AND RELATED CROSS-ACTIONS AND COUNTERCLAIMS | CASE NO. 09cv2275 WQH (BGS)<br><br>ORDER |

HAYES, Judge:

   The matter before the Court is the Motion for Leave to File the First Amended and

Supplemental Cross-Claims (ECF No. 204) filed by San Diego Gas & Electric Company.

**I.     Background**

On October 14, 2009, Plaintiff City of San Diego initiated this action by filing the Complaint against several Defendants including San Diego Gas & Electric Company ("SDG&E") alleging that they are "'Dischargers' or 'Persons Responsible' for alleged environmental contamination at the property known as the 'Shipyard Sediment Site' by the California Regional Water Quality Control Board, San Diego Region ... in Tentative Clean Up & Abatement Order No. R9-2005-0126...." (ECF No. 1 at 5).

On January 4, 2010, SDG&E filed cross-claims against all parties.

On January 4, 2010, BAE Systems San Diego Ship Repair Inc. and Southwest Marine, Inc. filed cross-claims against SDG&E asserting several claims including a claim for violation of the California Hazardous Substances Account Act ("HSAA"). (ECF No. 21). On February 25, 2010, the San Diego Unified Port District ("Port District") filed a First Amended Cross-Claims against SDG&E asserting several claims including a claim for violation of HSAA. (ECF No. 63).

On July 14, 2010, the Magistrate Judge conducted a Case Management Conference and Early Neutral Evaluation Conference. (ECF No. 124). On July 15, 2010, the Magistrate Judge issued an Order granting a joint motion for the adoption of a discovery plan and setting the Phase I discovery schedule. Phase I discovery included written discovery and production of documents limited to liability and allocation issues. (ECF No. 125). On May 5, 2011, the Amended Order Adopting Phase 1(b) Discovery Plan was entered.

On May 10, 2011 the parties entered into mediation and agreed to stay all further discovery. On September 8, 2011, the Magistrate Judge extended the discovery stay and stated, "[i]f the parties are unable to achieve settlement during or after completion of Phase I discovery, all discovery otherwise available under the Federal Rules of Civil Procedure and other applicable law may be conducted during Phase II discovery, including but not limited to expert discovery." (ECF No. 157).

On May 31, 2012, SDG&E filed a Motion for Leave to File the First Amended and

Supplemental Cross-Claims. (ECF No. 204). SDG&E attached the proposed First Amended and Supplemental Cross-Claims to the Motion. (ECF No. 204-1 at 9-28). On June 18, 2012, Cross-Defendants San Diego Unified Port District, City of San Diego, BAE Systems San Diego Ship Repair, Inc., and Southwest Marine, Inc. ("Cross-Defendants") filed a Oppositions. (ECF Nos. 217-19). On June 25, 2012, SDG&E filed a Reply. (ECF No. 221).

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Forman* factors).

"Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Cross-Defendants contend that there has been an unreasonable delay on the grounds that the issues raised in the First Amended and Supplemental Cross-Claims stem from subleases and subpermits which were known to SDG&E since the inception of the lawsuit, the proposed amended and supplemental cross-claims are being asserted in response to the First Amended Cross-claim of the San Diego Port District filed on February 25, 2010, and the only alleged

1  newly-discovered facts come from an environmental report from February 2011. Cross-
2  Defendants contend that they would be prejudiced by the filing of the First Amended and
3  Supplemental Cross-Claims because the discovery to date has been related to alleged
4  contamination of the shipyard sediment site and the claims would require discovery regarding
5  the alleged contamination of the tidelands property. Cross-Defendants contend that the First
6  Amended and Supplemental Cross-Claims are futile on the grounds that the claims do not meet
7  the requirements of Federal Rule of Civil Procedure 13(g), the claims are not compulsory, and
8  the claims are not ripe for adjudication. Cross-Defendants also contend that the parties have
9  been engaging in mediation and the First Amended and Supplemental Cross-Claims threaten
10 settlement of this matter.

11 SDG&E contends that the Motion for Leave to File the First Amended and
12 Supplemental Cross-Claims is timely on the grounds that it has been engaged in settlement
13 efforts for the past fifteen months. SDG&E contends that it "could have chosen – albeit,
14 against the wishes of the Special Master [mediator] and all other parties – to disregard the
15 settlement process" and seek leave to amend and supplement earlier; however "the simple
16 passage of time, by itself, is not sufficient to justify a denial of leave to amend." (ECF No. 221
17 at 9). SDG&E contends that Cross-Defendants are not prejudiced by the proposed First
18 Amended and Supplemental Cross-Claims on the grounds that in July 2010 the parties agreed
19 to a limited amount of written discovery and all discovery has been stayed since May 2011 to
20 allow the parties to participate in mediation. SDG&E contends that all parties will have the
21 opportunity for additional discovery if the discovery stay is lifted.

22 In this case, there has been limited discovery, the case has been stayed since May 2011,
23 discovery has not concluded, there have been no pretrial motions filed, and a trial date has not
24 been set. After consideration of the submissions of the parties, the Court concludes that Cross-
25 Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the
26 presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316
27 F.3d at 1052.

28 The Court will defer consideration of any challenge to the merits of the proposed First

Amended and Supplemental Cross-Claims until after the pleading is filed. *See Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal., Oct. 31, 2006) ("In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

IT IS HEREBY ORDERED that SDG&E's Motion for Leave to File the First Amended and Supplemental Cross-Claims (ECF No. 204) is GRANTED. SDG&E shall file the First Amended and Supplemental Cross-Claims attached to the Motion (ECF No. 204-1 at 9-28) within ten days of the date of this order.

DATED: July 27, 2012

**WILLIAM Q. HAYES**
United States District Judge