1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

CITY OF SAN DIEGO

                            Plaintiff,

    vs.

NATIONAL STEEL &
SHIPBUILDING COMPANY;
NATIONAL STEEL &
SHIPBUILDING CORPORATION;
NATIONAL IRON WORKS;
MARTINOLICH SHIP BUILDING
COMPANY; SOUTHWEST
MARINE, INC.; BAE SYSTEMS
SAN DIEGO SHIP REPAIR, INC.;
SAN DIEGO MARINE
CONSTRUCTION COMPANY;
STAR AND CRESCENT BOAT
COMPANY, a division of
SAN DIEGO MARINE
CONSTRUCTION COMPANY;
STAR AND CRESCENT BOAT
COMPANY; STAR AND CRESCENT
INVESTMENT COMPANY; STAR
AND CRESCENT FERRY
COMPANY; SAN DIEGO MARINE
CONSTRUCTION CORPORATION;
MCCSD; CAMPBELL INDUSTRIES;
SAN DIEGO GAS &
ELECTRIC; UNITED STATES
NAVY; SAN DIEGO UNIFIED PORT
DISTRICT; and DOES 1-100,
inclusive,

                          Defendants.

AND RELATED CROSS-ACTIONS
AND COUNTERCLAIMS

CASE NO. 09cv2275 WQH (BGS)

ORDER

HAYES, Judge:

The matters before the Court are the Objections to Magistrate's July 19, 2013 Case Management Conference Order Regulating Phase I(B) and Phase II Discovery filed by Plaintiff City of San Diego ("Objections"). (ECF No. 292).

**I.     Background**

On October 14, 2009, Plaintiff City of San Diego initiated this action by filing a Complaint alleging that Defendants are "'Dischargers' or 'Persons Responsible' for alleged environmental contamination at the property known as the 'Shipyard Sediment Site' by the California Regional Water Quality Control Board, San Diego Region ... in Tentative Clean Up & Abatement Order No. R9-2005-0126...." (ECF No. 1 at 5). Plaintiff contends that Defendants are "jointly and severally responsible for alleged property damage...." *Id*. Defendants have filed counterclaims against the Plaintiff, cross-claims against each other, and supplemental cross-claims.

On July 15, 2010, the Magistrate Judge issued an order adopting a phased discovery plan proposed by the parties. (ECF No. 125). Phase I discovery was limited to certain categories of information, and was divided into three segments:

- Phase I(a), a seven-month phase during which each party served limited initial disclosures and was permitted to issue 'Interrogatories, Requests for Admission, Requests for Production of Documents and Things.'
- Phase I(b), fact depositions limited to the topics addressed in Phase I.
- and Phase I(c), court-ordered mediation during which no discovery would take place.

*Id*. at 3-5. Phase I(c) mediation began in May 2011, and continued through June 2013. On June 24, 25, and 26, 2013, the parties attended a Mandatory Settlement Conference with the Magistrate Judge. (ECF No. 279). A settlement was not reached, and the Magistrate Judge scheduled a Case Management Conference to address the timing and scope of Phase II of discovery. On June 27, 2013, the Magistrate Judge ordered the parties to submit a joint discovery plan for Phase II of discovery. (ECF No. 280 at 2).

The parties were unable to agree on a joint discovery plan for Phase II of discovery.  Plaintiff, Defendant San Diego Unified Port District, Defendant Campbell Industries, and Defendant Star & Crescent Boat Company jointly requested a discovery schedule that allowed for fourteen months to complete fact discovery, the opportunity to serve 100 Interrogatories, 100 Requests for Admission, and 100 Requests for Production of Documents, 20 fact witness depositions per party, and the opportunity to obtain subpoenas. (ECF No. 284).  Defendant National Steel & Shipbuilding Company ("NASSCO") and Defendant BAE Systems jointly requested a discovery schedule that allowed for four months to complete fact discovery, limiting depositions to 10 per party (including third party depositions), and permitting 50 Interrogatories, 50 Requests for Production of Documents, and 50 Requests for Admission per party.  *Id*. at 26-41.

On July 19, 2013, the Magistrate Judge issued a Case Management Conference Order regulating Phase I(b) and Phase II of discovery ("July 19, 2013 Order").  (ECF No. 290).  The Order allowed for four months to complete fact discovery (from August 23, 2013 through December 23, 2013).  *Id*. at 2.  The Order limited each party to 50 Interrogatories, 50 Requests for Production of Documents and Things, and 50 Requests for Admission.  *Id*. at 3.  The Order limited each party to a total of 10 non-expert depositions.  *Id*.

On August 2, 2013, Plaintiff filed Objections to the Magistrate Judge's July 19, 2013 Case Management Conference Order, requesting that this Court "expand the scope of Phase II fact discovery."  (ECF No. 292 at 26).

On August 13, 2013, Defendant Star & Crescent Boat Company filed a Notice of Non-Objection to the Magistrate Judge's July 19, 2013 Order.[1]  (ECF No. 294).

---

[1]  Defendant Star & Crescent Boat Company later stated in its Notice of Non-Objection to the Magistrate Judge's July 19, 2013 Order that it only joined with Plaintiff and Defendant Campbell Industries for the proposed discovery schedule "because initially they were the only parties proposing additional fact discovery." (ECF No. 294 at 2).  Defendant Star & Crescent Boat Company supports a more limited time

On August 20, 2013, Defendant San Diego Gas & Electric Company ("SDG&E") filed a Response to Plaintiff's Objections, requesting that the Objections be overruled. (ECF No. 297).  On August 20, 2013, Defendants BAE Systems and NASSCO jointly filed an Opposition to Plaintiff's Objections.  (ECF No. 296).  On August 27, 2013, Plaintiff filed a Reply in support of its Objections.  (ECF No. 301).

On October 10, 2013, Defendants NASSCO, BAE Systems, and Campbell Industries filed an Ex Parte Application to Stay Litigation and to Extend All Deadlines Due to the Government Shutdown.  (ECF No. 350).  On October 17, 2013, this Court granted the Ex Parte Application in part and extended all deadlines by no less than 17 days. (ECF No. 360).  On October 24, 2013, the Magistrate Judge issued an Amended Case Management Conference Order extending all deadlines by no less than 17 days, and extending the fact discovery deadline from December 23, 2013 to January 20, 2014.  (ECF No. 361 at 2).

## II.    Applicable Standard

A district court judge may refer resolution of pretrial issues to a magistrate judge under 28 U.S.C. § 636(b)(1)(A).  As part of these powers, magistrate judges are empowered to modify case management deadlines.  Local Rule 72.1(h); 28 § 636(b)(1)(B).  Federal Rule 26(b)(2)(A) specifically authorizes judges to modify the extent and frequency of any discovery method. Fed. R. Civ. P. 26(b)(2)(A).  A district court judge may reconsider any pretrial matter resolved by a magistrate judge only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to the law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).

## III.   Contentions of the Parties

Plaintiff objects to the limits on the scope of discovery and accelerated time line for discovery imposed by the Magistrate Judge's July 19, 2013 Order.  Plaintiff contends that the Order "amount[s] to a denial of the opportunity to gather all the facts

_____

line for fact discovery.  *Id*.

1   necessary to a fair presentation of the [Plaintiff]'s case." (ECF No. 301 at 6).  Plaintiff

2   asserts that the limitations are "contrary to the scope of discovery permitted under the

3   federal civil rules." *Id.* at 7.  Plaintiff specifically asserts that the numeric limits of ten

4   depositions per party, 50 Interrogatories, 50 Requests for Production of Documents, and

5   50 Requests for Admission, "will not be sufficient to allow [Plaintiff] to pursue all the

6   fact discovery it needs to address the factors relevant to CERCLA cost allocation."

7   (ECF No. 292-1 at 22-24).

8          Plaintiff contends that the four-month time line for fact discovery set by the July

9   19, 2013 Order is unreasonable and prejudicial.  (ECF No. 292-1 at 20).  Plaintiff

10  contends that the discovery conducted through Phase I and during the administrative

11  proceedings was limited and did not address all the factors "that can and should be

12  considered in assessing allocation of liability under CERCLA." *Id.* at 21.  Plaintiff

13  contends that the evidence collected by the Regional Board was "aimed at determining

14  whether a particular entity was responsible for current or past discharges to the Site–

15  not at determining that party's proportionate contributions of contaminants to the Site,

16  nor at evaluating any party's comparative culpability in relation to another party." *Id.*

17  at 8.  Plaintiff contends that "[a]ll of the evidence needed for the highly fact-intensive

18  process of assessing the parties' comparative liability under CERCLA for causing or

19  contributing to the contamination of the Site must therefore be gathered through the

20  discovery process in this action." *Id.*

21         Defendants BAE Systems and NASSCO contend that the Regional Board

22  conducted a fact-gathering process that spanned several years, resulting in "an extensive

23  Administrative Record." (ECF No. 296 at 4).  Defendants BAE Systems and NASSCO

24  contend that the Magistrate Judge's July 19, 2013 Order properly takes this discovery

25  into account. (ECF No. 296 at 4-5).  Defendants BAE Systems and NASSCO concede

26  that the Regional Board's investigation did not involve an inquiry into cost allocation,

27  but contend that documents related to the parties' discharge activities would still be

28  relevant to any proportional cost analysis.   *Id.* at 5.  Defendants BAE Systems and

NASSCO contend that, "[t]he Discovery Order was the product of substantial briefing and argument by the parties, and the Court's findings as to the breadth of Phase I discovery." *Id.* at 8. "The Discovery Order provides a sufficient mechanism to complete any remaining fact discovery through the use of limited written discovery and depositions." *Id.*

Defendant SDG&E contends that the factual record developed through the administrative proceedings and Phase I of discovery contains evidence relevant to CERCLA allocation. (ECF No. 297 at 2).

## III.   Ruling of the Court

Rule 26(b)(1) provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense– including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  The scope of discovery permitted under the civil rules is "broadly construed" in order to ensure that the interests of justice are served in civil litigation. *Babbit, et al. v. Albertson's, Inc.*, No. C-92-1883, 1992 WL 605652, at *5 (N.D. Cal. Nov. 30, 1992) (citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340 (1978)); *Shoen v, Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  For this reason, "it is well established that courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules." *Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008); *see also Duke v. Univ. of Texas*, 729 F.2d 994, 997 (5th Cir. 1984) (trial judge's order denying discovery is abuse of discretion when it denies a party adequate opportunity to conduct meaningful

1   discovery); *Coughlin v. Lee*, 946 F.2d 1152, 1158-60 (5th Cir. 1991) (court of appeals

2   reversed district court's discovery limitation, concluding that district court failed to

3   adhere to liberal spirit of Fed. R. Civ. P. 26(b) in making determinations of relevance);

4   *Williams v. City of Dothan*, 745 F.2d 1406, 1425 (11th Cir. 1984) (trial court's

5   protective order precluding discovery of historical background information vacated

6   when information was clearly relevant to issues of case and opponent made no showing

7   of significant burden in complying with discovery request).

8       Having reviewed the record, the contentions of all parties, and the applicable law,

9   the Court finds that the July 19, 2013 Order (and the October 24, 2013 Amended Order)

10  do not allow for a scope of discovery or time line for discovery that affords Plaintiff

11  adequate opportunity to discover all facts necessary to a fair presentation of its case, as

12  required by Fed. R. Civ. P. 26(b)(1).

13      It is HEREBY ORDERED that the Objections to the Case Management

14  Conference Order Regulating Phase I(b) and Phase II Discovery and Other Pretrial

15  Proceedings (ECF No. 292) filed by Plaintiff City of San Diego are SUSTAINED.  The

16  Case Management Conference Order Regulating Phase I(b) and Phase II Discovery and

17  Other Pretrial Proceedings (ECF No. 290), and the Amended Case Management

18  Conference Order (ECF No. 361) are VACATED.  The Magistrate Judge shall issue a

19  second amended case management conference order.

20  DATED:  November 7, 2013

21

22  **WILLIAM Q. HAYES**
    United States District Judge

23

24

25

26

27

28