FILED
SEP 05 2014

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO<br><br>  Plaintiff,<br>vs.<br>NATIONAL STEEL &<br>SHIPBUILDING COMPANY; *et al.*,<br><br>  Defendants.<br>AND RELATED CROSS-ACTIONS<br>AND COUNTERCLAIMS | CASE NO. 09cv2275 WQH (BGS)<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Ex Parte Motion for Clarification and Correction of Oversights and Omissions in the Court's July 11, 2014 Order (ECF No. 436) filed by the City of San Diego and the Joint Ex Parte Motion of San Diego Unified Port District and National Steel and Shipbuilding Company for Correction and Clarification of the Court's July 11, 2014 Order (ECF No. 429). The Court will also address certain objections raised by the San Diego Unified Port District (ECF No. 434) and the City of San Diego (ECF Nos. 427, 437, 442) to proposed bar orders submitted by the parties pursuant to the Court's July 11, 2014 Order. (ECF Nos. 424, 426, 431).

## I. Background

On October 11, 2013, Defendants San Diego Gas & Electric Company ("SDG&E") and BAE Systems San Diego Ship Repair Inc. and Southwest Marine, Inc. (collectively "BAE") filed a Joint Motion for Order Confirming Good Faith Settlement

and Barring Claims, based on the settlement between SDG&E and BAE ("Settlement 1"). (ECF No. 354). On November 4, 2013, Defendant United States Navy (the "Navy") filed a Motion for Order Determining Good Faith Settlement and Barring Claims, based on the settlement between the Navy, BAE, and National Steel and Shipbuilding Company ("NASSCO") ("Settlement 2"). (ECF No. 366). On November 5, 2013, Defendant NASSCO filed a Motion for Determination of Good Faith Settlement between NASSCO and United States of America, based on Settlement 2. (ECF No. 367). On November 5, 2013, BAE filed a Motion for Determination of Good Faith Settlement and Partial Claims Bar, based on Settlement 2. (ECF No. 368). On November 6, 2013, NASSCO and San Diego Unified Port District (the "Port District") filed a Joint Motion for order Confirming Settlement Between NASSCO and the Port District Barring and Dismissing Claims, based on the settlement between NASSCO and the Port District ("Settlement 3"). (ECF No. 370). The City of San Diego (the "City") opposed each of these motions (collectively "Good Faith Settlement Motions").[1] (ECF Nos. 382, 383, 389, 392, 393).

On July 11, 2014, the Court issued an Order ("July 11, 2014 Order") finding that the three Settlement Agreements entered into between various Defendants were entered into in good faith and were fair, reasonable, and consistent with the purposes of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, and the Uniform Comparative Fault Act ("UCFA"), 12 U.L.A. 126 (1996). (ECF No. 423). The Court found that the proportionate share method, section 6 of the UCFA, was "an equitable method of apportioning fault." *Id.* at 20. For each settlement, the Court found that the settling parties (SDG&E, the Navy, and the Port District) could request bar orders barring contribution-based claims by non-settling parties because the settling parties had discharged their contribution obligations to the claimants, BAE and NASSCO. The

---

[1] In addition, Defendant Campbell Industries opposed BAE's motion (ECF No. 368) based on Settlement 2. (ECF No. 384). The Port District opposed BAE and SDG&E's motion (ECF No. 354) based on Settlement 1. (ECF No. 397).

Court therefore found that BAE and NASSCO's claims against non-settling parties were reduced by the equitable share of the settling parties' obligations, and noted that such claimants "bear[] the risk that [they have] settled with a responsible person for too little." *Id.* at 19-20.

The Court ordered that the "Moving Parties shall prepare proposed orders that are consistent with this Order and file them on the docket within ten (10) days from the date this Order is filed." (ECF No. 423 at 428). The Court ordered that "[a]ny objections shall be filed within ten (10) days from the date(s) the proposed orders are filed." *Id.*

The Navy (ECF No. 424), SDG&E (ECF No. 426), NASSCO (ECF No. 428), the Port District (ECF No. 431), and BAE (ECF No. 432) each submitted proposed bar orders (collectively "the Moving Parties"). The City objected to all five proposed bar orders. (ECF Nos. 427, 437, 440, 441, 442). The Port District objected to SDG&E's proposed bar order, which pertains to Settlement 1, and NASSCO and BAE's proposed bar orders, which pertain to Settlement 2. (ECF Nos. 434, 447, 448). Campbell objected to BAE's proposed order, which pertains to Settlement 2. (ECF No. 446). The Navy objected to BAE and NASSCO's proposed bar orders, which pertain to Settlement 2. (ECF No. 443, 444).

On July 21, 2014, the Port District and NASSCO filed the pending Joint Ex Parte Motion for Correction and Clarification of the Court's July 11, 2014 Order ("the Port District and NASSCO's Motion for Clarification"). (ECF No. 429). On July 30, 2014, the City filed an opposition. (ECF No. 439). On July 30, 2014, the Navy filed a response in support of the Port District and NASSCO's Motion for Clarification. (ECF No. 445). On August 8, the Port District and NASSCO filed a reply. (ECF No. 456).

On July 28, 2014, the City filed the pending Ex Parte Motion for Clarification and Correction of Oversights and Omissions in the Court's July 11, 2014 Order ("the City's Motion for Clarification"). (ECF No. 436). On August 1, 2014, the Navy filed

an opposition. (ECF No. 450). On August 8, 2014, SDG&E filed an opposition. (ECF No. 454). On August 8, 2014, the Port District and NASSCO filed a joint opposition. (ECF No. 455). On August 8, 2014, BAE filed an opposition. (ECF No. 457).

## II. The Pending Motions for Clarification (ECF Nos. 429, 436)

Both motions seek clarification on whether the City's "cost recovery" claims are subject to a bar order pursuant to the Settlement Agreements. (ECF No. 429 at 3-13; ECF No. 436 at 8). The City seeks clarification on three additional issues. First, the City seeks clarification on whether the Port District may maintain its cross-claims in relation to South Yard against non-settling parties. (ECF No. 436 at 8-9). Second, the City seeks clarification on whether claims related to discharges from the Municipal Separate Storm Water System ("MS4") system may be subject to a claims bar pursuant to Settlement 3. *Id.* at 9-10. Finally, the City seeks clarification on whether a claims bar can only cover "South Yard" claims pursuant to Settlement 3. *Id.* at 11.

### A. The City's Cost Recovery Claims

The City has identified two cost recovery claims: its First Claim for Cost Recovery pursuant to CERCLA section 107(a) and its Seventh Claim for Cost Recovery pursuant to California Water Code section 13304. (ECF No. 1 at 31-33, 37-38; ECF No. 393 at 21-22; ECF No. 439 at 3). The July 11, 2014 Order did not specifically address whether the City's cost recovery claims were subject to SDG&E and BAE's proposed bar order.

With respect to Settlement 2, the Court found that "the Navy's proposed bar order bars claims for 'contribution and indemnity' and not cost recovery claims. To the extent the City has cost recovery claims against the Navy that are not based on contribution or indemnity, such claims are not covered by the requested bar." *Id.* at 38-39. Similarly, with respect to Settlement 3, the Court found that "the parties' proposed order bars claims for 'contribution and indemnity' and not cost recovery." *Id.* at 47.

### I. Contentions of the Parties

The City contends that the July 11, 2014 order contains an oversight, by omitting discussion of the City's cost recovery claims as to Settlement 1, but discussing the City's cost recovery claims as to Settlements 2 and 3. (ECF No 436 at 8). The City also contends that the nature of the City's cost recovery claims should be determined by a motion seeking reversal of the Court's July 11, 2014 Order or a motion for summary judgment. (ECF No. 439 at 8-9).

NASSCO and the Port District seek clarification because the Port District and NASSCO "specifically included a reference to 'cost recovery' in [their proposed bar order] to assure that all contribution claims under CERCLA for the parties' alleged common liability for the contamination and cleanup of the Site would be barred," but the Court found that "the parties' proposed order bars claims for 'contribution and indemnity' and not cost recovery." (ECF Nos. 429 at 7, 423 at 47).

The Navy contends that the Court already found that the City has failed to identify any cost recovery claims. (ECF No. 50 at 5). The Navy also contends that the Navy will need to maintain its section 113(f) claims against the City if the City is able to maintain its cost-recovery claims, and "[k]eeping the Navy in this litigation on such a slim reed which would contradict the finding that the Navy has now settled its responsibility for the cleanup at the site." *Id.* at 6. SDG&E contends that the City's cost recovery claims should be barred as "artfully pled claims that amount to claims for contribution," just as the City's intentional tort claims were barred. (ECF No. 454 at 6). SDG&E also contends that the City's cost recovery claims are barred as a matter of law because the City was required by the State to clean up the bay and is now merely seeking contributions from other responsible parties for their fair share of the clean-up costs. *Id.* at 8 (citing *Solutia Inc. v. McWane, Inc.*, 672 F.3d 1230 (11th Cir. 2012)). BAE contends that the City only sought damages for contribution in its initial disclosures and that "the City has not, and cannot, identify any category of 'cost recovery' damages that are separate and apart from the contribution it seeks." (ECF No. 457 at 5).

### ii. Ruling of the Court

As a potentially responsible party, the City may maintain a section 107(a) claim. *U.S. v. Atlantic Research Corp.*, 551 U.S. 128, 136 (2007) ("Consequently, the plain language of [42 U.S.C. § 9607] subparagraph (B) authorizes cost-recovery actions by any private party, including PRPs."); *see also Kotrous v. Goss-Jewett Co. of N. Cal.*, 523 F.3d 924, 933 (9th Cir. 2008) ("We therefore conclude that *Pinal Creek*'s holding that an action between PRPs is necessarily for contribution has been overruled."). In *Atlantic Research*, the Supreme Court explained that sections 107(a) and 113(f) "provide two 'clearly distinct' remedies." *Atlantic Research*, 551 U.S. at 138. "The statute authorizes a PRP to seek contribution [pursuant to section 113(f)] 'during or following' a suit under § 106 or § 107(a)." *Id.* "By contrast, § 107(a) permits recovery of cleanup costs but does not create a right to contribution. A private party may recover under § 107(a) without any establishment of liability to a third party." *Id.* at 139. "[A] defendant PRP in such a § 107(a) suit could blunt any inequitable distribution of costs by filing a § 113(f) counterclaim." *Id.* at 140.

The Supreme Court left open the question of whether a party may recover compelled clean-up costs pursuant to section 107(a) following suit under sections 106 or 107(a). *Id.* at 139 n. 6 ("For instance, we recognize that a PRP may sustain expenses pursuant to a consent decree following a suit under § 106 or § 107 . . . We do not decide whether these compelled costs of response are recoverable under § 113(f), § 107(a), or both."); *see also W.R. Grace & Co.-Conn. v. Zotos Intern., Inc.*, 559 F.3d 85, 93 n.7 (2d Cir. 2009) ("As the Supreme Court suggested, it may well be that a party who sustains expenses pursuant to a consent decree following a suit under section 106 or section 107(a) may have a cause of action under either section 113(f), section 107(a), or both.... We need not address this issue here as Grace did not enter into the consent decree following suit."). However, one court has found that plaintiffs may maintain cost recovery claims under section 107(a), even if their clean-up efforts were the result of governmental oversight. *Id.* at 92 (holding that the plaintiff, who, pursuant to a New

- 6 -

09cv2275 WQH (BGS)

York State Department of Environmental Conservation consent order, remediated a contaminated site could "pursue necessary response costs pursuant to section 107(a) even though its expenditures were made in compliance with a consent order").

Even assuming that the City's cost recovery claims deal with the same subject matter addressed by the Settlement Agreements, the Court cannot dismiss the City's cost recovery claims because section 6 of the UCFA applies to contribution claims, not cost recovery claims. *See, e.g., Ford Motor Co. v. Michigan Consol. Gas Co.*, No. 08-13503, — F. Supp. 2d —, 2014 WL 255968, at *10 (E.D. Mich. Jan. 23, 2014) (finding that a consent decree entered into between the United States and all plaintiffs was not grounds for dismissing a third-party complaint against the United States for cost recovery pursuant to section 107(a) because "[t]he inconvertible fact remains that [the third-party complaintant's] claim is not a contribution claim, but one for cost recovery" and its "alleged status as a PRP cannot bridge the gap"). To the extent Defendants contend that the City's cost recovery claims are, by their nature, claims for contribution, the Court cannot properly resolve this issue at this stage in the proceedings. *See id.* n. 9 ("This ruling is not on a motion for summary judgment and the Court will not become involved in the weighing of allegations regarding the necessity of these costs."); *cf. Solutia*, 672 F.3d at 1235-36 (granting *summary judgment* on a section 107(a) claim where the plaintiffs brought 107(a) claims after entering into a consent decree with the Environmental Protection Agency under *CERCLA*).

The Court concludes that a bar of the City's First and Seventh Claims for cost recovery pursuant to CERCLA section 107(a) and California Water Code section 13304 is inappropriate at this stage in the proceedings. The Court makes no ruling on the merits of any cost recovery claim.

### B. The Port District's Counterclaims and Cross-claims

In its oppositions to the Good Faith Settlement Motions, the City contended that the parties seeking bar orders were required to dismiss their own cross-claims and

counterclaims against the other parties. (ECF No. 383 at 17-18; ECF No. 389 at 22; ECF No. 392 at 18; ECF No. 393 at 19-20). The Court's July 11, 2014 order did not address whether the parties seeking bar orders must dismiss any of their cross-claims or counterclaims. The Port District's Proposed Order Confirming Good Faith Settlement Between NASSCO and the Port District does not apply any bar to the Port District's cross-claims or counterclaims or agree to dismiss any claims. (ECF No. 431). The Port District maintains forty-two cross-claims and counterclaims in its Third Amended and Supplemental Cross-Claims of the San Diego Unified Port District. (ECF No. 308).

### I. Contentions of the Parties

The City contends that it would be unfair to allow the Port District to pursue its cross-claims and counterclaims while benefitting from a bar of claims brought against the City. The City asserts that the Court appeared to concur with its position at oral argument on April 25, 2014. (ECF No. 436 at 8). The Port District contends that it would be unfair for it to have to dismiss its cross-claims and counterclaims to the extent they do not pertain to the "Covered Matters" under Settlement Agreement 3 because the Port District is only entitled to claims bar protection for "Covered Matters."

### ii. Ruling of the Court

The City has cited no authority for the proposition that a settling party must dismiss its own claims in order to benefit from a bar order. The Port District, as a "person liable" under section 6, is discharged from liability for contribution related to the "Covered Matters." Following Settlement 3, NASSCO's claims against other non-settling parties are "reduced by the amount of the Port District's equitable share of the obligation, which will be determined by the Court when any remaining contribution claims are resolved pursuant to Section 2 of the UCFA." (ECF No. 423 at 47). However, section 6 does not require that a "person liable" dismiss its own claims. As with the City's cost recovery claims, the Court cannot resolve the merits of the Port

District's cross-claims and counterclaims at this stage in the proceedings. The Court concludes that the Port District is not required to dismiss its cross-claims or counterclaims in order to benefit from the bar order under section 6 of the UCFA.

### C. The Scope of Settlement 3

In its opposition to the Port District and NASSCO's Good Faith Settlement Motion, the City contended that the Port District and NASSCO's potential liability regarding discharges to the MS4 system could not be the subject of a bar order because such discharges were expressly excluded from the Settlement Agreement between the Port District and NASSCO under 'Excluded Matters.' (ECF No. 436 at 10). In the July 11, 2014 Order, the Court found that "NASSCO and the Port District have stated that claims related to the MS4 system are "Excluded Matters" and therefore not covered by the Settlement Agreement or the bar order. [Citation]. However, to the extent the City's MS4 claims against the Port District concern discharges that resulted in the contamination being remediated at the South Yard, they are covered by the Settlement Agreement, and thus covered by the bar order." (ECF No. 423 at 47).

In the July 11, 2014 Order, the Court also noted that "NASSCO and the Port District contend that they are 'not seeking any claims bar or dismissal as to the 'North Yard' of the Shipyard Sediment Site....'" (ECF No. 423 at 46).

### I. Contentions of the Parties

The City contends that discharges to the MS4 system are clearly defined by NASSCO and the Port District's Settlement Agreement as "Excluded Matters." (ECF No. 436 at 10). The City further contends that the Court adopted unsupported, qualifying language from NASSCO and the Port District's reply brief in support of its Good Faith Motion and permitted a bar to claims related to the MS4 system to the extent they resulted in "South Yard" contamination. The City also contends that specification is needed that a claims bar as to Settlement 3 cannot include liabilities as to the "North Yard." *Id.* at 11. The Port District and NASSCO contend that the City has not identified any MS4 claims, and to the extent any MS4 claim is related to "South

Yard" remediation, it is a "Covered Matter" and subject to a bar order. (ECF No. 455 at 4). The Port District and NASSCO also contend that their proposed bar order already makes clear that it would not apply to the "North Yard." *Id.* at 9-10.

### ii. Ruling of the Court

Settlement Agreement 3 provides that "[t]his agreement pertains only to the 'South Yard' of the Shipyard Sediment Site." (ECF No. 370-3 at 15). "Covered Matters" under Settlement Agreement 3 includes "any and all costs incurred by [the Port District and NASSCO] that have arisen out of, or that arise out of, or in connection with, the investigation and remediation required to comply with all legally enforceable requirements imposed by the Agency in connection with the implementation of the CAO . . . but 'Covered Matters' shall not include, and shall expressly exclude all Excluded Matters (as defined in Section 1.8, below)." (ECF No. 370-3 at 18). "Excluded Matters" under Settlement Agreement 3 includes "any obligations under Order Directives, Section A, Paragraphs 3 through 5 of the CAO addressing Municipal Separate Storm Water System ('MS4') investigation and mitigation and any other obligations or liabilities associated with the MS4 or discharges from the MS4...." (ECF No. 370-3 at 18). Order Directives, Section A, Paragraphs 3 through 5 of the Final Cleanup and Abatement Order ("Final CAO") issued by the California Regional Water Quality Control Board ("Regional Board") provide MS4 Interim Mitigation Measures, an MS4 Investigation and Mitigation Plan, and an MS4 Investigation and Mitigation Implementation and Report, respectively, that the City and the Port District are required to implement. (ECF No. 367-3 at 29-30).

Liabilities related to discharges from the MS4 system are expressly excluded from the Settlement Agreement between the Port District and NASSCO. Because the settlement between the Port District and NASSCO specifically excluded discharges into the MS4 system, claims related to discharges into the MS4 system cannot be the subject of a bar order.

With respect to the "North Yard," it is undisputed that Settlement 3 does not

cover liabilities related to the "North Yard." The terms of Settlement 3 make this clear. The Court concludes that it is unnecessary for the Port District's proposed bar order to state that liability as to the "North Yard" is not barred.

### III. Objections to Proposed Bar Orders (ECF Nos. 434, 442)

#### A. SDG&E's Proposed Bar Order (ECF No. 426)

##### I. The Port District's Objections (ECF No. 434)

Paragraph four of SDG&E's Proposed Bar Order provides:

> With respect to the claims of express contractual indemnity and of contract alleged by the San Diego Unified Port District against SDG&E as the Twentieth and Twenty-First Claims for Relief in the Port District's Third Amended and Supplemental Cross Claims (ECF No. 308), the Port District has asserted claims for independent damages for attorney's fees and investigative costs that may not be recoverable under a CERCLA contribution claim. Such state law claims are not barred by this Order, but rather are dismissed without prejudice. *Bank One v. C.V.Y Corp., et al.*, No. 01-cv-01807-MSK-MJW, 2008 WL 501412, at *5 (D. Colo. Feb. 21, 2008).

(ECF No. 426 at 3). The Port District objects to paragraph four of SDG&E's proposed bar order. (ECF No. 434). The Port District objects on the ground that SDG&E improperly limits the scope of its Twentieth and Twenty-First Claims for Relief to "attorney's fees and investigative costs." (ECF No. 434 at 3-4). The Port District further objects on the ground that it requires the Port District to dismiss its Twentieth and Twenty-First Claims for Relief without prejudice. *Id.* at 4-5.

In the July 11, 2014 Order, Court found that:

> [T]he Port District's Twentieth and Twenty-First Claims for Relief in its Third Amended Crossclaim asserts independent contract claims that cannot be covered by the bar order. The Port District has asserted claims for independent damages for attorney's fees and investigative costs incurred that may not be recoverable under a CERCLA contribution claim. The Court finds that the Port District's claims for contractual indemnity and breach of contract are the type of claims that were intended to be excluded from the UCFA. The injury alleged in the Port District's Twentieth and Twenty-First Claims for Relief goes beyond SDG&E's liability to the Port District for contamination costs, and these claims cannot be covered by the bar order.

(ECF No. 423 at 31). The Court cited to the comments of section 1 of the UCFA, which state that "[a]n action for breach of warranty is held to sound sometimes in tort and

sometimes in contract. There is no intent to include in coverage of the Act actions that are fully contractual in their gravamen and in which the plaintiff is suing solely because he did not recover what he contracted to receive." U.C.F.A. § 1 cmt.

The Court specifically found that the Port District's Twentieth and Twenty-First Claims for Relief could not be subject to a bar order because they were contractual in nature. A bar order cannot require the Port District to dismiss these claims. Nor can a bar order limit the scope of damages that the Port District may recover under these claims to "attorney's fees and investigative costs," which the Court only used as examples of the types of damages sought by the Port District in its Twentieth and Twenty-First Claims for Relief.

The Port District's objections (ECF No. 434) to the SDG&E Proposed Bar Order (ECF No. 426) are sustained.

### ii. The City's Objections (ECF No. 437)

Paragraph 3 of SDG&E's proposed bar order provides:

> Pursuant to Section 6 of the UCFA, Section 877.6 of the California Code of Civil Procedure, and CERCLA section 113, and subject only to Paragraph 4 below, any and all claims against SDG&E by BAE Systems and any other party to this action with respect to "Covered Matters" under the Settlement Agreement (which expressly does not include any "Excluded Matters") are hereby dismissed, with prejudice, and are hereafter and forever barred. "Covered Matters" under the Settlement Agreement, and references to the "Shipyard Sediment Area," and "Site" in the Settlement Agreement only refer and relate to areas within the "Shipyard Sediment Site" as defined in the "CAO." References to the "North Shipyard" in the Settlement Agreement only refer and relate to the North or BAE Shipyard that is within the Shipyard Sediment Site. Claims that relate to any non-marine sediment (i.e., landside) areas are outside the Shipyard Sediment Site and are not barred by this Order.

(ECF No. 426 at 2-3). The City objects to Paragraph 3 on the ground that it bars the City's cost recovery claims. (ECF No. 437 at 4).

Paragraph 3 subjects the City's cost recovery claims to a claims bar. As discussed above, the City's cost recovery claims are not subject to any claims bar. The City's objection to SDG&E's proposed bar order on this ground is sustained.

### B. The Navy's Proposed Bar Order (ECF No. 424)

Paragraph 3 of the Navy's proposed bar order provides:

> Pursuant to Section 6 of the UCFA, any and all claims for contribution or indemnity against the Navy, arising out of the facts alleged in the Action (except such claims which are specifically excluded by the terms of the Settlement Agreement), are **BARRED. ALL CLAIMS** by any non-settling party against the Navy are **BARRED** regardless of whether they are brought pursuant to Section 107 of CERCLA, Section 113 of CERCLA, or any other theory, as any claims against the Navy arising out of facts alleged in the Action are in the nature of contribution arising out of a common liability, whether framed in terms of federal or state statute or common law and are, therefore, barred contribution claims.

(ECF No. 424 at 2). Paragraph 5 of the Navy's proposed bar order provides that "[a]ll claims, cross-claims and counterclaims in the Action asserted by the non-settling parties against the Navy and asserted by the Navy against the non-settling parties are hereby dismissed with prejudice." *Id.* at 3. The City objects to these paragraphs on the ground that they would bar the City's cost recovery claims. (ECF No. 427 at 2-3).

Paragraphs 3 and 5 subject the City's cost recovery claims to a claims bar. These paragraphs are inconsistent with the Court's July 11, 2014 Order and this Order. The City's objections to the Navy's proposed bar order on this ground are sustained.

### C. The Port District's Proposed Bar Order (ECF No. 431)

Paragraph 3 of the Port District's proposed bar order provides:

> Pursuant to Section 6 of the UCFA and Section 877.6 of the California Code of Civil Procedure, and CERCLA section 113, any and all claims for contribution, cost recovery, or equitable indemnity against the Port District arising out of the facts alleged in the Complaint, counterclaims, and cross-claims in this Action (except such claims which are specifically excluded or reserved by the terms of the Settlement Agreement), regardless of when such claims are asserted or by whom, relating to Covered Matters under the Settlement Agreement are hereby **BARRED**. Such claims by any non-settling party are barred regardless of whether they are brought pursuant to CERCLA section 107, CERCLA section 113, or any other theory, as any claims against the Port District arising out of the facts alleged in this Action are in the nature of contribution claims arising out of a common liability, whether framed in terms of federal or state statute or common law.

(ECF No. 431 at 2-3). The City objects to paragraph 3 of the Port District's proposed bar order on the ground that it would bar the City's cost recovery claims as to the Port District. (ECF No. 442 at 3-4). The City further objects to paragraph 3 on the ground that it fails to specify that the claims bar only applies to claims related to the "South

Yard" and not the "North Yard." *Id.*

Paragraph 5 of the Port District's proposed bar order provides that "[a]ll claims, cross-claims and counterclaims in the Action asserted by any other party in this action against the Port District relating to the Covered Matters in the Settlement Agreement are hereby dismissed with prejudice." (ECF No. 431 at 3). The City objects to paragraph 5 on the ground that it fails to acknowledge the cost recovery exception to the claims bar. *Id.* at 6. Finally, the City objects to the Port District's proposed bar order for failing to state that it will dismiss its contribution and indemnity "South Yard" cross-claims against non-settling parties. *Id.* at 6-7.

Paragraphs 3 and 5 subject the City's cost recovery claims to a claims bar. These paragraphs are inconsistent with the Court's July 11, 2014 Order, which found that "[NASSCO and the Port District's] proposed order bars claims for 'contribution and indemnity' and not cost recovery." (ECF No. 423 at 47).

Paragraphs 3 and 5 only bar claims related to "Covered Matters," and therefore do not apply to liabilities arising from contamination to the "North Yard." The Port District's proposed bar does not require further specification.

As discussed above, the Port District is not required to dismiss its counterclaims or cross-claims in order to seek a bar order.

The City's objections to the Port District's proposed bar order are sustained to the extent the Port District's proposed bar order bars the City's cost recovery claims. The City's objection to the Port District's proposed bar order for failing to specifically exclude "North Yard" claims is overruled. The City's objection to the Port District's failure to agree to dismiss its counterclaims and cross-claims related to "Covered Matters" is overruled.

**IV. Conclusion**

IT IS HEREBY ORDERED that, based on the Port District and NASSCO's Motion for Clarification (ECF No. 429) and the City's Motion for Clarification (ECF No. 436), the July 11, 2014 Order is CLARIFIED as follows:

1. The City's First and Seventh Claims for cost recovery are not subject to a bar order.
2. The Port District is not required to dismiss its counterclaims and cross-claims in order to benefit from a bar order.
3. Claims related to discharges into the MS4 system cannot be barred by the Port District's bar order.

IT IS FURTHER ORDERED that the Moving Parties (SDG&E, BAE, NASSCO, the Navy, and the Port District) shall prepare proposed orders that are consistent with this Order and file them within fifteen (15) days from the date this Order is filed. The Moving Parties shall also submit the proposed orders in Word Perfect format to efile_hayes@casd.uscourts.gov. Any objections shall be filed within fifteen (15) days from the date(s) the proposed orders are filed.

DATED: 9/5/14

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE