FILED

2014 NOV 25 PM 4:17

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___77___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL STEEL AND SHIPBUILDING COMPANY; et al.,<br><br>　　　　　Defendants.<br><br>AND RELATED CROSS-ACTIONS AND COUNTERCLAIMS | CASE NO. 09-CV-2275 WQH (JLB)<br><br>**ORDER CONFIRMING GOOD FAITH SETTLEMENT BETWEEN NATIONAL STEEL AND SHIPBUILDING COMPANY AND SAN DIEGO UNIFIED PORT DISTRICT AND BARRING AND DISMISSING CLAIMS AGAINST THE PORT DISTRICT** |

　　　The Joint Motion For Order Confirming Settlement Between National Steel and Shipbuilding Company ("NASSCO") and the San Diego Unified Port District ("Port District") came on regularly for hearing before this Court on April 25, 2014, the Honorable William Q. Hayes, judge presiding.

　　　After considering the moving and opposition papers and declarations of counsel, the Settlement Agreement submitted to the Court for approval (attached to the Declaration of Sandi Nichols), the Reinstatement and Amendment of Settlement Agreement (attached to the Declaration of Jeffrey Carlin), and the record as a whole, the **COURT HEREBY FINDS THAT** the Settlement

Agreement entered into by and between NASSCO and the Port District was entered into in good faith and is fair, reasonable and consistent with the purposes of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. section 9601, *et seq.*, the Uniform Comparative Fault Act ("UCFA"), 12 U.L.A. 147, California Code of Civil Procedure sections 877 and 877.6, and state law theories for the apportionment of liability among alleged joint tortfeasors.

The matter having been briefed, argued and submitted for decision, and good cause appearing,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED** in part, and **DENIED** in part. The Motion is **GRANTED** insofar as it requests a determination that the Settlement Agreement (i) was entered into in good faith under California Code of Civil Procedure § 877 and the rule of the *Tech-Bilt, Inc. v. Woodward-Clyde & Associates,* 38 Cal.3d 488 (1985), (ii) is fair, reasonable, and consistent with the purposes of CERCLA and the UCFA, and (iii) entitles the Port District to contribution and indemnity protection. The Motion is **DENIED** insofar as it (i) requests a determination that NASSCO is entitled to a claims bar; and (ii) seeks to bar "cost recovery" claims by the City of San Diego ("City") against the Port District.

**IT IS FURTHER ORDERED** that:

1. The Settlement Agreement is hereby approved as a good faith settlement and afforded all the rights and protections that accompany this determination.

2. The Court further finds and determines that Section 6 of the UCFA is adopted as federal common law in this case for purposes of determining the legal effect of the Settlement Agreement, which means the proportionate share rule (and not the pro tanto rule) shall apply to reduce NASSCO's claims against non-settling

parties.

3. Pursuant to Section 6 of the UCFA, Section 877.6 of the California Code of Civil Procedure, and CERCLA section 113(f), any and all claims for contribution or equitable indemnity against the Port District arising out of the facts alleged in the Complaint, counterclaims, and cross-claims in this Action, regardless of when such claims are asserted or by whom, relating to Covered Matters under the Settlement Agreement are hereby **BARRED**. Except as expressly provided in Paragraph 4 of this Order, such claims by any non-settling party are barred regardless of whether they are brought pursuant to any federal or state statute, common law, or any other theory, as any such claims against the Port District arising out of the facts alleged in this Action are in the nature of contribution claims arising out of a common liability, whether framed in terms of federal or state statute or common law.

4. The only claims relating to Covered Matters which are not barred and dismissed against the Port District pursuant to this Order are as follows:

    a. Plaintiff's First Cause of Action in the Action for "cost recovery" pursuant to Section 107(a)(4) of CERCLA; and

    b. Plaintiff's Seventh Cause of Action for "cost recovery" pursuant to Section 13304 of the California Water Code.

5. All claims, cross-claims and counterclaims and/or any other claims which have been made by and between NASSCO and the Port District, and each of them, in the Action are hereby dismissed with prejudice, subject to: (1) the Court retaining continuing jurisdiction to enforce the terms of the Settlement Agreement, (2) the rights of the parties under the Settlement Agreement to later assert any and all Claims related to Excluded Matters, which claims shall not be deemed barred by entry of judgment or dismissal pursuant to the Settlement Agreement, (3) other rights expressly reserved under the Settlement Agreement,

and (4) upon this Order becoming final and effective.

6. Except as expressly set forth in Paragraph 4, above, all claims, cross-claims and counterclaims in the Action asserted by any other party in this Action against the Port District relating to the Covered Matters in the Settlement Agreement are hereby dismissed with prejudice.

7. The Court shall retain jurisdiction over both the subject matter of this Settlement Agreement and the Settling Parties for the duration of the performance of the terms and provisions of this Settlement Agreement for the purpose of enabling NASSCO and the Port District, and each of them, to apply to the Court any time for such further order, direction, and relief as may be necessary or appropriate to construe, implement, or enforce compliance with the terms of the Settlement Agreement, including, without limitation, to enforce any obligations constituting Indemnified Matters pursuant to Section 6.1, or obligations relating to the performance of work by NASSCO pursuant to Section 3.1, or obligations related to the Port District's $1.4 million cash payment pursuant to Section 2.2(a), which rights and obligations under said Sections shall survive the dismissal of this action.

8. NASSCO and the Port District shall each bear their own costs and expenses, including attorneys' fees in this Action, as between NASSCO and the Port District, through the date of this Order, but shall retain their respective right to seek such costs and expenses, including attorneys' fees, from other parties to this Action.

**IT IS SO ORDERED.**

Dated: 11/25/14

Hon. William Q. Hayes
Judge, United States District Court