FILED
NOV 25 2014
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO,<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONAL STEEL AND SHIPBUILDING COMPANY, et al.,<br><br>    Defendants. | Case No.: 09-CV-02275-WQH (JLB)<br><br>**ORDER CONFIRMING GOOD FAITH SETTLEMENT BETWEEN SAN DIEGO GAS & ELECTRIC COMPANY AND BAE SYSTEMS SAN DIEGO SHIP REPAIR, INC. AND BARRING AND DISMISSING CLAIMS** |
| AND RELATED CROSS-ACTIONS AND COUNTERCLAIMS | |

The Joint Motion For Order Confirming Settlement Between San Diego Gas & Electric Company ("SDG&E") and BAE Systems San Diego Ship Repair, Inc. ("BAE Systems") (ECF No. 354) came on regularly for hearing before this Court on April 25, 2014, the Honorable William Q. Hayes, judge presiding.

After considering the moving and opposition papers, the declarations of counsel, and the oral argument of counsel, the Settlement Agreement by and between SDG&E and BAE Systems ("Settlement Agreement") (Tracy Declaration, Exh. A, ECF No. 354) submitted to the Court for approval, and the record as a whole, the Court hereby finds that the Settlement Agreement entered into by and between SDG&E and BAE Systems was entered into in good faith and is fair, reasonable and consistent with the purposes of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. section 9601, *et seq.*, the Uniform Comparative Fault Act (12 U.L.A. 147), California Code of Civil Procedure sections 877 and 877.6, and state law theories for the apportionment of liability among alleged joint tortfeasors.

The matter having been briefed, argued and submitted for decision, and good cause appearing,

IT IS HEREBY ORDERED that the Motion is GRANTED, and IT IS FURTHER ORDERED that:

1. The Settlement Agreement is hereby approved as a good faith settlement and afforded all the rights and protections that accompany this determination.

2. The Court further finds and determines that the Settlement Agreement has been entered into in good faith within the meaning of Section 6 of the Uniform Comparative Fault Act, 12 U.L.A. 147 (1996), which is adopted as federal common law, the California Code of Civil Procedure §§ 877 and 877.6 and the rule of the *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal.3d 488 (1985).

-2-

ORDER CONFIRMING GOOD FAITH SETTLEMENT BETWEEN SDG&E AND BAE SYSTEMS SAN DIEGO SHIP REPAIR AND BARRING AND DISMISSING CLAIMS

09-cv-02275-WQH (JLB)

3. Pursuant to Section 6 of the UCFA, Section 877.6 of the California Code of Civil Procedure, and CERCLA section 113, and subject only to Paragraphs 4 and 5 below, any and all claims against SDG&E by BAE Systems and any other party to this action with respect to "Covered Matters" under the Settlement Agreement (which expressly does not include any "Excluded Matters") are hereby dismissed, with prejudice, and are hereafter and forever barred. "Covered Matters" under the Settlement Agreement, and references to the "Shipyard Sediment Area," and "Site" in the Settlement Agreement only refer and relate to areas within the "Shipyard Sediment Site" as defined in the "CAO." References to the "North Shipyard" in the Settlement Agreement only refer and relate to the North or BAE Shipyard that is within the Shipyard Sediment Site. Claims that relate to any non-marine sediment (i.e., landside) areas are outside the Shipyard Sediment Site and are not barred by this Order.

4. With respect to the claims of express contractual indemnity and breach of contract alleged by the San Diego Unified Port District against SDG&E as the Twentieth and Twenty-First Claims for Relief in the Port District's Third Amended and Supplemental Cross Claims (ECF No. 308), the Court finds that the Port District has asserted claims for independent damages that may not be recoverable under a CERCLA contribution claim. The Court further finds that the Port District's claims for contractual indemnity and breach of contract are the type of claims that were intended to be excluded from the UCFA. The injury alleged in the Port District's Twentieth and Twenty-First Claims for Relief goes beyond SDG&E's liability to the Port District for contamination costs, and these claims cannot be and are not barred by this Order.

5. The City of San Diego's First Cause of Action for cost recovery pursuant to Section 107(a)(4) of CERCLA and Seventh Cause of Action for cost recovery pursuant to Section 13304 of the California Water Code are not barred by this Order.

-3-

09-cv-02275-WQH (JLB)
ORDER CONFIRMING GOOD FAITH SETTLEMENT BETWEEN SDG&E AND BAE SYSTEMS SAN DIEGO SHIP REPAIR AND BARRING AND DISMISSING CLAIMS

6. BAE Systems' counterclaims against SDG&E with respect to "Excluded Matters" under the Settlement Agreement are hereby dismissed, without prejudice.

7. SDG&E's claims against BAE Systems and any other party to this action with respect to "Covered Matters" under the Settlement Agreement (which expressly does not include any "Excluded Matters") are hereby dismissed, with prejudice. SDG&E's "Tidelands Claims" under the Settlement Agreement are hereby dismissed, without prejudice.

8. The foregoing is subject to: (1) this Court retaining jurisdiction to construe and enforce the terms of the Settlement Agreement; (2) the respective rights of SDG&E and BAE Systems under the Settlement Agreement to later assert any claims related to "Excluded Matters," which shall not be deemed barred by entry of judgment or dismissal pursuant to the Settlement Agreement; (3) other rights expressly reserved under the Settlement Agreement; and (4) this Order becoming final.

9. BAE Systems and SDG&E shall each bear their own costs and expenses, including attorneys' fees in this case, through the date of this Order.

IT IS SO ORDERED.

DATED: 11/25/14

Hon. William Q. Hayes
Judge, United States District Court

-4-

09-cv-02275-WQH (JLB)
ORDER CONFIRMING GOOD FAITH SETTLEMENT BETWEEN SDG&E AND BAE SYSTEMS SAN DIEGO SHIP REPAIR AND BARRING AND DISMISSING CLAIMS