UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN DIEGO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL STEEL AND SHIPBUILDING COMPANY; et al.,<br><br>　　　　Defendants.<br><br>AND RELATED CROSS-ACTIONS AND COUNTERCLAIMS | CASE NO. 09-CV-2275 WQH (JLB)<br><br>**ORDER CONFIRMING GOOD FAITH SETTLEMENT BETWEEN BAE SYSTEMS SAN DIEGO SHIP REPAIR INC., SOUTHWEST MARINE, INC., AND THE SAN DIEGO UNIFIED PORT DISTRICT AND BARRING AND DISMISSING CLAIMS AGAINST THE PORT DISTRICT** |

　　　The Joint Motion of BAE Systems San Diego Ship Repair Inc., Southwest Marine, Inc. (collectively, "BAE Systems") and San Diego Unified Port District ("Port District") for Order Confirming Settlement and Barring and Dismissing Claims came on regularly for hearing before this Court on October 5, 2015, the Honorable William Q. Hayes presiding.

　　　After considering the moving and opposition papers, declarations submitted by the parties, the Settlement Agreement submitted to the Court for approval

-1-

(attached to the Declaration of Michael S. Tracy) (the "Settlement Agreement") and the record as a whole, the **COURT HEREBY FINDS THAT** the Settlement Agreement entered into by and between BAE Systems and the Port District is in the public interest, is fair and reasonable, both procedurally and substantively, consistent with the purposes of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. section 9601, et seq., and the Uniform Comparative Fault Act ("UCFA"), 12 U.L.A. 147, and was entered into in good faith under California Code of Civil Procedure sections 877 and 877.6 and the rule of *Tech-Bilt, Inc. v. Woodward-Clyde & Associates,* 38 Cal.3d 488 (1985), and that the Port District is entitled to contribution and indemnity protection under federal and state law theories for the apportionment of liability among alleged joint tortfeasors.

This matter having been briefed and submitted for decision, and good cause appearing,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**, and the Settlement Agreement is **APPROVED**.

**IT IS FURTHER ORDERED** that:

1.  The Settlement Agreement is hereby approved as a good faith settlement and shall be afforded all the rights and protections that accompany this determination.

2.  The Court further finds and determines that Section 6 of the UCFA is adopted in this case for purposes of determining the legal effect of the Settlement Agreement, which means the proportionate share rule (and not the pro tanto rule of the Uniform Comparative Fault Among Tortfeasors Act ("UCATA")) shall apply to reduce BAE Systems' claims against non-settling parties.

3.  Pursuant to Section 6 of the UCFA, Section 877.6 of the California Code of Civil Procedure, and CERCLA section 113(f), any and all claims for contribution or equitable indemnity against the Port District arising out of the facts

alleged in the Complaint, counterclaims, and cross-claims in this Action, regardless of when such claims are asserted or by whom, relating to Covered Matters under the Settlement Agreement are hereby **BARRED**. Such claims are barred regardless of whether they are brought pursuant to any federal or state statute, common law, or any other theory, as any such claims against the Port District arising out of the facts alleged in this Action are in the nature of contribution claims arising out of a common liability, whether framed in terms of federal or state statute or common law.

4. Subject to Paragraph 9 of this Order and this Order becoming final and effective, all claims, cross-claims and counterclaims by and between BAE Systems and the Port District in the Action with respect to "Covered Matters" under the Settlement Agreement (which expressly does not include "Excluded Matters") are hereby dismissed with prejudice.

5. Subject to Paragraph 6(a), below, any and all claims by the Port District and BAE Systems, and each of them, against each other, whether in claims, cross-claims or counterclaims, relating to "Excluded Matters" shall be reserved and not deemed barred by entry of judgment or dismissal pursuant to the Settlement Agreement.

6. Subject to this Order becoming final and effective:

(a) All claims made by the Port District against BAE Systems and by BAE Systems against the Port District, and by each of them against any other party, whether alleged in a counterclaim or cross-claim, relating to Polygon SW-29 and the Tidelands Property, including, without limitation, contract-related claims, shall be dismissed WITHOUT prejudice, subject to the terms of the Tolling and Standstill Agreement previously entered into by and between BAE Systems, the Port District, San Diego Gas and Electric Company ("SDG&E"), the City, Star & Crescent Boat Company, and Campbell Industries;

   (b) All cross-claims by the Port District against Campbell Industries and against National Steel and Shipbuilding Company ("NASSCO") (to the extent any such claims remain against NASSCO) with respect to the following matters are hereby dismissed with prejudice: (1) any and all claims that were, that could have been, that could now be, or that could hereafter be asserted by the Port District against Campbell Industries or NASSCO as of the Effective Date of the Settlement Agreement arising out of or in connection with alleged COC contamination of the sediments within the Remedial Footprint; (2) any and all costs incurred by the Port District that have arisen out of, or that arise out of, or in connection with, the investigation and remediation required to comply with all legally enforceable requirements imposed by the Agency in connection with the implementation of the CAO, including all reasonably necessary measures required to satisfy the requirements of the CAO or any amendments thereto; and (3) all claims asserted by the Port District against Campbell Industries in this Action and accruing prior to the execution of the Settlement Agreement for breach of contract or express contractual indemnity relating to the alleged COC contamination of the sediments within the Remedial Footprint, but not as to the remainder of the Shipyard Sediment Site or the Tidelands Property. Subject to paragraph 6(a), above, all other claims by the Port District against Campbell Industries in this Action are hereby dismissed without prejudice. Any and all claims the Port District has or may have in the future against Campbell Industries and/or NASSCO relating to any Excluded Matters are expressly reserved and not deemed barred by any dismissals in this Order. As to all dismissals in this paragraph 6(b), each party shall bear its own attorney's fees, costs and expenses;

   (c) Except with respect to (1) Polygon SW-29 and (2) the Tidelands Property, the Port District's Twentieth Claim for Relief (Express Contractual

-4-

|   |   |
|---|---|
| 1 | Indemnity) and Twenty-First Claim for Relief (Breach of Contract) against |
| 2 | SDG&E are dismissed WITH prejudice to the extent they relate to the marine |
| 3 | sediment contamination existing at the Site; and |
| 4 | (d) With respect to (1) Polygon SW-29 and (2) the Tidelands Property, |
| 5 | the Port District's Twentieth Claim for Relief and Twenty-First Claim for |
| 6 | Relief against SDG&E are dismissed WITHOUT prejudice subject to the |
| 7 | terms of the Tolling Agreement. |
| 8 | For purposes of this Order, the terms "Agency," "CAO," "COCs," "Excluded |
| 9 | Matters," "Remedial Footprint," "Polygon SW-29," "Site,"  and "Tidelands |
| 10 | Property" shall have the same meaning as in the Settlement Agreement. |
| 11 | 7. Pursuant and subject to the Agreement for Dismissals and Tolling |
| 12 | Agreement entered into by and between the Port District and the City of San Diego |
| 13 | ("City"), upon entry of an order in this Action dismissing (i) Plaintiff's First Cause |
| 14 | of Action of the Complaint for "cost recovery" pursuant to Section 107(a)(4) of |
| 15 | CERCLA, and (ii) Plaintiff's Seventh Cause of Action of the Complaint for "cost |
| 16 | recovery" pursuant to Section 13304 of the California Water Code, against the Port |
| 17 | District for "Covered Matters" (as said term is defined in the settlement agreement |
| 18 | between the City and BAE Systems), and this Order becoming final and effective, |
| 19 | <u>then, and only then</u>: |
| 20 | (a)  The Port District's First and Sixth Claims for Relief of its |
| 21 | Counterclaim [Dkt. No. 11-1] and its First and Sixth Claims for Relief of its |
| 22 | Third Amended and Supplemental Cross-Claims ("TACC") [Dkt. No. 308] |
| 23 | against the City are dismissed WITH prejudice solely to the extent they relate |
| 24 | to "Covered Matters" under the Settlement Agreement (which expressly does |
| 25 | not include "Excluded Matters"); and |
| 26 | (b)  The Port District's Forty-First Claim for Relief and Forty-Second |
| 27 | Claim for Relief of its TACC against the City for Express Contractual |
| 28 |   |

Indemnity and Implied Contractual Indemnity, respectively, are dismissed WITHOUT prejudice.

8. Any other claims expressly reserved under the Settlement Agreement shall be reserved and not deemed barred by entry of judgment or dismissal pursuant to the Settlement Agreement.

9. The Court shall retain jurisdiction over both the subject matter of the Settlement Agreement and the parties to the Settlement Agreement for the duration of the performance of the terms and provisions of the Settlement Agreement for the purpose of enabling BAE Systems and the Port District, and each of them, to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate to construe, implement, or enforce compliance with the terms of the Settlement Agreement or for any further relief as the interest of justice may require.

10. BAE Systems and the Port District shall each bear their own costs and expenses, including attorneys' fees in this Action, as between BAE Systems and the Port District, through the date of this Order but shall retain their respective right to seek costs and expenses, including attorneys' fees, from other parties to this Action to the extent such claims have not been dismissed or barred.

**IT IS SO ORDERED.**
Dated: November 13, 2015

_William Q. Hayes_
Hon. William Q. Hayes
United States District Judge