1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT
9                SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 CITY OF SAN DIEGO, | CASE NO. 09-CV-2275 WQH (JLB) |
| 12         Plaintiff, | **ORDER CONFIRMING GOOD FAITH SETTLEMENT BETWEEN BAE SYSTEMS SAN DIEGO SHIP** |
| 13      v. | **REPAIR INC., SOUTHWEST MARINE, INC., AND THE CITY OF** |
| 14 NATIONAL STEEL AND SHIPBUILDING COMPANY; et al., | **SAN DIEGO AND BARRING AND** |
| 15 | **DISMISSING CLAIMS AGAINST** |
| 16         Defendants. | **THE CITY** |
| 17 AND RELATED CROSS-ACTIONS AND COUNTERCLAIMS | |
| 18 | |
| 19 | |

20        The Joint Motion of BAE Systems San Diego Ship Repair Inc., Southwest

21 Marine, Inc. (collectively, "BAE Systems") and the City of San Diego ("City") for

22 Order Confirming Settlement and Barring and Dismissing Claims came on

23 regularly for hearing before this Court on November 9, 2015, the Honorable

24 William Q. Hayes presiding.

25        After considering the moving and opposition papers, declarations submitted

26 by the parties, the Settlement Agreement submitted to the Court for approval

27 (attached to the Declaration of Michael S. Tracy) (the "Settlement Agreement")

28 and the record as a whole, the **COURT HEREBY FINDS THAT** the Settlement

1    Agreement entered into by and between BAE Systems and the City is in the public

2    interest, is fair and reasonable, both procedurally and substantively, consistent with

3    the purposes of the Comprehensive Environmental Response, Compensation and

4    Liability Act ("CERCLA"), 42 U.S.C. section 9601, et seq., and the Uniform

5    Comparative Fault Act ("UCFA"), 12 U.L.A. 147, and was entered into in good

6    faith under California Code of Civil Procedure sections 877 and 877.6 and the rule

7    of *Tech-Bilt, Inc. v. Woodward-Clyde & Associates,* 38 Cal.3d 488 (1985), and that

8    the City is entitled to contribution and indemnity protection under federal and state

9    law theories for the apportionment of liability among alleged joint tortfeasors.

10         This matter having been briefed and submitted for decision, and good cause

11   appearing,

12         **IT IS HEREBY ORDERED** that the Motion is **GRANTED**, and the

13   Settlement Agreement is **APPROVED**.

14         **IT IS FURTHER ORDERED** that:

15         1.    The Settlement Agreement is hereby approved as a good faith

16   settlement and shall be afforded all the rights and protections that accompany this

17   determination.

18         2.    The Court further finds and determines that Section 6 of the UCFA is

19   adopted in this case for purposes of determining the legal effect of the Settlement

20   Agreement, which means the proportionate share rule (and not the pro tanto rule of

21   the Uniform Comparative Fault Among Tortfeasors Act ("UCATA")) shall apply

22   to reduce BAE Systems' claims against non-settling parties.

23         3.    Pursuant to Section 6 of the UCFA, Section 877.6 of the California

24   Code of Civil Procedure, and CERCLA section 113(f), any and all claims for

25   contribution or equitable indemnity against the City arising out of the facts alleged

26   in the counterclaims, and cross-claims in this Action, regardless of when such

27   claims are asserted or by whom, relating to Covered Matters under the Settlement

28   Agreement are hereby **BARRED**.  Such claims are barred regardless of whether

1    they are brought pursuant to any federal or state statute, common law, or any other

2    theory, as any such claims against the City arising out of the facts alleged in this

3    Action are in the nature of contribution claims arising out of a common liability,

4    whether framed in terms of federal or state statute or common law.

5         4.    Subject to Paragraph 6 of this Order, and this Order becoming final

6    and effective, all claims, cross-claims and counterclaims by and between BAE

7    Systems and the City in the Action with respect to "Covered Matters" under the

8    Settlement Agreement (which expressly does not include "Excluded Matters") are

9    hereby dismissed with prejudice.

10        5.    Subject to Paragraph 7 of this Order, and this Order becoming final

11   and effective, any and all claims by the City and BAE Systems, and each of them,

12   against each other, whether in claims, cross-claims or counterclaims, relating to

13   "Excluded Matters" shall be reserved and not deemed barred by entry of judgment

14   or dismissal pursuant to the Settlement Agreement.

15        6.    Except as provided in Paragraph 7 below, all claims or counterclaims

16   by the City, including the City's CERCLA Section 107(a)(4) and California Water

17   Code Section 13304 claims, asserted against the North Parties (specifically

18   including those against the United States, San Diego Gas & Electric ("SDG&E"),

19   Campbell Industries ("Campbell"), Star & Crescent Boat Company ("Star &

20   Crescent"), and the San Diego Unified Port District ("Port District")), with respect

21   to the following matters are hereby dismissed with prejudice:  (1) any and all

22   claims that were, that could have been, that could now be, or that could hereafter

23   be asserted by the City against the North Parties as of the Effective Date of the

24   Settlement Agreement that arise out of or in connection with this Action; and (2)

25   any and all costs incurred by the City that have arisen out of, or that arise out of, or

26   in connection with, the investigation and remediation required to comply with all

27   legally enforceable requirements imposed by the Agency in connection with the

28   implementation of the CAO, including all reasonably necessary measures required

WEST\260744180.2

1   to satisfy the requirements of the CAO or any amendments thereto.  Any and all

2   claims the City has or may have in the future against the North Parties relating to

3   any Excluded Matters are expressly reserved and not deemed barred by any

4   dismissals in this Order.  As to all dismissals in this Paragraph 6(a), each party

5   shall bear its own attorney's fees, costs and expenses.  For purposes of this Order,

6   the terms "Agency," "CAO," and "Excluded Matters" shall have the same meaning

7   as in the Settlement Agreement.

8          7.     All claims relating to Polygon SW-29 and the Tidelands Property (as

9   said terms are defined in the Tolling and Standstill Agreement previously entered

10   into by and between BAE Systems, the Port District, SDG&E, the City, Star &

11   Crescent and Campbell Industries (the "Tolling and Standstill Agreement"))

12   including, without limitation, contract-related claims, made by the City against

13   BAE Systems and by BAE Systems against the City, and the City's claims relating

14   to Polygon SW-29 and the Tidelands Property against any other North Party, shall

15   be dismissed WITHOUT prejudice, subject to the terms of the Tolling and

16   Standstill Agreement.

17          8.     The Court shall retain jurisdiction over both the subject matter of the

18   Settlement Agreement and the parties to the Settlement Agreement for the duration

19   of the performance of the terms and provisions of the Settlement Agreement for the

20   purpose of enabling BAE Systems and the City, and each of them, to apply to the

21   Court at any time for such further order, direction, and relief as may be necessary

22   or appropriate to construe, implement, or enforce compliance with the terms of the

23   Settlement Agreement or for any further relief as the interest of justice may

24   require.

25          9.     BAE Systems and the City shall each bear their own costs and

26   expenses, including attorneys' fees in this Action, as between BAE Systems and

27   the City, through the date of this Order but shall retain their respective right to seek

28   costs and expenses, including attorneys' fees, from other parties to this Action to

1 | the extent such claims have not been dismissed or barred.

2 | **IT IS SO ORDERED.**

3 | Dated:  November 13, 2015

4 | Hon. William Q. Hayes
United States District Judge

WEST\260744180.2