1
2
3
4
5
6
7

**FILED**

NOV 1 3 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11 | CITY OF SAN DIEGO,                          CASE NO. 09-CV-2275 WQH (JLB)

12 |                    Plaintiff,               **ORDER CONFIRMING**
                                                 **SETTLEMENT BETWEEN BAE**
13 |        v.                                   **SYSTEMS SAN DIEGO SHIP**
                                                 **REPAIR INC., SOUTHWEST**
14 | NATIONAL STEEL AND                          **MARINE, INC., STAR &**
    | SHIPBUILDING COMPANY; et al.,              **CRESCENT BOAT COMPANY AND**
15 |                                             **THE SAN DIEGO UNIFIED PORT**
    |                    Defendants.             **DISTRICT, AND BARRING AND**
16 |                                             **DISMISSING CLAIMS**

17 | AND RELATED CROSS-ACTIONS
    | AND COUNTERCLAIMS
18
19
20

21        The Joint Motion of BAE Systems San Diego Ship Repair Inc., Southwest

22 Marine, Inc. (collectively, "BAE Systems"), Star & Crescent Boat Company ("Star

23 & Crescent"), and the San Diego Unified Port District ("Port District") for an

24 Order Confirming Settlement and Barring and Dismissing Claims came ~~on~~

25 ~~regularly for hearing~~ before this Court ~~on November 30, 2015,~~ the Honorable

26 William Q. Hayes presiding.

27        After considering the moving and opposition papers, declarations submitted

28 by the parties, the Settlement Agreement submitted to the Court for approval

                                                          09-CV-2275 WQH (JLB)

                                    1

1   (attached to the Declaration of Michael S. Tracy) (the "Settlement Agreement")

2   and the record as a whole, the **COURT HEREBY FINDS THAT** the Settlement

3   Agreement entered into by and between BAE Systems, Star & Crescent, and the

4   Port District is in the public interest, is fair and reasonable, both procedurally and

5   substantively, consistent with the purposes of the Comprehensive Environmental

6   Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. section 9601,

7   et seq., and the Uniform Comparative Fault Act ("UCFA"), 12 U.L.A. 147, and

8   was entered into in good faith under California Code of Civil Procedure sections

9   877 and 877.6 and the rule of *Tech-Bilt, Inc. v. Woodward-Clyde & Associates,* 38

10  Cal.3d 488 (1985), and that Star & Crescent and the SDMCC Entities[1] are entitled

11  to contribution and indemnity protection under federal and state law theories for

12  the apportionment of liability among alleged joint tortfeasors.

13         This matter having been briefed and submitted for decision, and good cause

14  appearing,

15         **IT IS HEREBY ORDERED** that the Motion is **GRANTED**, and the

16  Settlement Agreement is **APPROVED**.

17         **IT IS FURTHER ORDERED** that:

18         1.     The Settlement Agreement is hereby approved as a good faith

19  settlement and shall be afforded all the rights and protections that accompany this

20  determination.

21         2.     The Court further finds and determines that Section 6 of the UCFA is

22  adopted in this case for purposes of determining the legal effect of the Settlement

23

24  ───────────────

       [1] "SDMCC Entities" shall mean and refer to San Diego Marine Construction
25  Company (aka San Diego Marine Construction Co.), Star & Crescent Investment
    Co., Star and Crescent Boat Company, a division of San Diego Marine
26  Construction Company, Star and Crescent Boat Company, Star and Crescent
    Investment Company, and Star and Crescent Ferry Company, except to the extent
27  such entities, or any division of them, were merged, acquired, or otherwise
    succeeded in interest by MCCSD, San Diego Marine Construction Corp, Campbell
28  Industries, Marine Construction and Design Co., or their respective affiliates.

1   Agreement, which means the proportionate share rule (and not the pro tanto rule of
2   the Uniform Comparative Fault Among Tortfeasors Act ("UCATA")) shall apply
3   to reduce BAE Systems' claims against non-settling parties.

4       3.      Pursuant to Section 6 of the UCFA, Section 877.6 of the California
5   Code of Civil Procedure, and CERCLA section 113(f), any and all claims, cross-
6   claims or counterclaims for contribution or equitable indemnity against Star &
7   Crescent and/or any or all of the SDMCC Entities arising out of the facts alleged in
8   the claims, counterclaims, and cross-claims in this Action, regardless of when such
9   claims are asserted or by whom, relating to Covered Matters under the Settlement
10  Agreement are hereby **BARRED**.  Such claims are barred regardless of whether
11  they are brought pursuant to any federal or state statute, common law, or any other
12  theory, as any such claims against Star & Crescent and/or any and all of the
13  SDMCC Entities arising out of the facts alleged in this Action are in the nature of
14  contribution claims arising out of a common liability, whether framed in terms of
15  federal or state statute or common law.

16      4.      Subject to Paragraphs 6 and 7 of this Order, and this Order becoming
17  final and effective, all claims by BAE Systems and the Port District, respectively,
18  against Star & Crescent and the SDMCC Entities with respect to "Covered
19  Matters" under the Settlement Agreement (which expressly does not include
20  "Excluded Matters") are hereby dismissed with prejudice. Star & Crescent and the
21  SDMCC Entities have not alleged claims in this Action, and therefore, have no
22  claims to dismiss.

23      5.      Upon this Order becoming final and effective, all claims by BAE
24  Systems and the Port District, respectively, against Star & Crescent and the
25  SDMCC Entities relating to "Excluded Matters" shall be reserved and not deemed
26  barred by entry of judgment or dismissal pursuant to the Settlement Agreement.

27      6.      All claims relating to Polygon SW-29 and the Tidelands Property (as
28  said terms are defined in the Tolling and Standstill Agreement previously entered

09-CV-2275 WQH (JLB)

1    into by and between BAE Systems, the Port District, San Diego Gas & Electric

2    Company, the City of San Diego, Star & Crescent and Campbell Industries (the

3    "Tolling and Standstill Agreement")) including, without limitation, contract-related

4    claims, made by BAE Systems and/or the Port District against Star & Crescent

5    and/or against the SDMCC Entities, shall be dismissed WITHOUT prejudice,

6    subject to the terms of the Tolling and Standstill Agreement.

7         7.    The Court shall retain jurisdiction over both the subject matter of the

8    Settlement Agreement and the parties to the Settlement Agreement for the duration

9    of the performance of the terms and provisions of the Settlement Agreement for the

10   purpose of enabling BAE Systems, the Port District, and Star & Crescent, and each

11   of them, to apply to the Court at any time for such further order, direction, and

12   relief as may be necessary or appropriate to construe, implement, or enforce

13   compliance with the terms of the Settlement Agreement or for any further relief as

14   the interest of justice may require.

15        8.    BAE Systems, the Port District, and Star & Crescent, shall each bear

16   their own costs and expenses, including attorneys' fees in this Action through the

17   date of this Order but shall retain their respective right to seek costs and expenses,

18   including attorneys' fees, from other parties to this Action to the extent such claims

19   have not been dismissed or barred.

20        **IT IS SO ORDERED.**

21

22   Dated: _____11/13/15_____

23                                              Hon. William Q. Hayes
                                                Judge, United States District Court

24

25

26

27

28

09-CV-2275 WQH (JLB)

WEST\260002282.3