UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CITY OF SAN DIEGO, | CASE NO. 09-CV-2275 WQH (JLB) |
|---|---|
| Plaintiff, | **ORDER CONFIRMING SETTLEMENT BETWEEN BAE SYSTEMS SAN DIEGO SHIP REPAIR INC., SOUTHWEST MARINE, INC., AND CAMPBELL INDUSTRIES, AND BARRING AND DISMISSING CLAIMS** |
| v. | |
| NATIONAL STEEL AND SHIPBUILDING COMPANY; et al., | |
| Defendant. | |
| AND RELATED CROSS-ACTIONS AND COUNTERCLAIMS | |

| | |
|---|---|
| 1 | The Joint Motion of BAE Systems San Diego Ship Repair Inc., Southwest |
| 2 | Marine, Inc. (collectively, "BAE Systems"), and Campbell Industries ("Campbell") |
| 3 | for an Order Confirming Settlement and Barring and Dismissing Claims came |
| 4 | before this Court with the Honorable William Q. Hayes presiding. |
| 5 | After considering the moving and opposition papers, declarations submitted |
| 6 | by the parties, the Settlement Agreement submitted to the Court for approval |
| 7 | (attached to the Declaration of Michael S. Tracy) (the "Settlement Agreement") and |
| 8 | the record as a whole, the **COURT HEREBY FINDS THAT** the Settlement |
| 9 | Agreement entered into by and between BAE Systems and Campbell is in the |
| 10 | public interest, is fair and reasonable, both procedurally and substantively, |
| 11 | consistent with the purposes of the Comprehensive Environmental Response, |
| 12 | Compensation and Liability Act ("CERCLA"), 42 U.S.C. section 9601, et seq., and |
| 13 | the Uniform Comparative Fault Act ("UCFA"), 12 U.L.A. 147, and was entered |
| 14 | into in good faith under California Code of Civil Procedure sections 877 and 877.6 |
| 15 | and the rule of *Tech-Bilt, Inc. v. Woodward-Clyde & Associates,* 38 Cal.3d 488 |
| 16 | (1985), and that Campbell is entitled to contribution and indemnity protection under |
| 17 | federal and state law theories for the apportionment of liability among alleged joint |
| 18 | tortfeasors. |
| 19 | This matter having been briefed and submitted for decision, and good cause |
| 20 | appearing, |
| 21 | **IT IS HEREBY ORDERED** that the Motion is **GRANTED**, and the |
| 22 | Settlement Agreement is **APPROVED**. |
| 23 | **IT IS FURTHER ORDERED** that: |
| 24 | 1.     The Settlement Agreement is hereby approved as a good faith |
| 25 | settlement and shall be afforded all the rights and protections that accompany this |
| 26 | determination. |
| 27 | ///// |
| 28 | |

2. The Court further finds and determines that Section 6 of the UCFA is adopted in this case for purposes of determining the legal effect of the Settlement Agreement, which means the proportionate share rule (and not the pro tanto rule of the Uniform Comparative Fault Among Tortfeasors Act ("UCATA")) shall apply to reduce BAE Systems' claims against non-settling parties.

3. Pursuant to Section 6 of the UCFA, Section 877.6 of the California Code of Civil Procedure, and CERCLA section 113(f), any and all claims, cross-claims or counterclaims for contribution or equitable indemnity against Campbell arising out of the facts alleged in the claims, counterclaims, and cross-claims in this Action, regardless of when such claims are asserted or by whom, relating to Covered Matters under the Settlement Agreement are hereby **BARRED**. Such claims are barred regardless of whether they are brought pursuant to any federal or state statute, common law, or any other theory, as any such claims against Campbell arising out of the facts alleged in this Action are in the nature of contribution claims arising out of a common liability, whether framed in terms of federal or state statute or common law.

4. Subject to Paragraph 6 of this Order, and this Order becoming final and effective, all claims, cross-claims and counterclaims by and between BAE Systems and Campbell in the Action with respect to "Covered Matters" under the Settlement Agreement (which expressly does not include "Excluded Matters") are hereby dismissed with prejudice.

5. Except as provided in Paragraph 6 below, and this Order becoming final and effective, any and all claims by Campbell and BAE Systems, and each of them, against each other, whether in claims, cross-claims or counterclaims, relating to "Excluded Matters" shall be reserved and not deemed barred by entry of judgment or dismissal pursuant to the Settlement Agreement.

6. All claims relating to Polygon SW-29 and the Tidelands Property (as said terms are defined in the Tolling and Standstill Agreement previously entered

into by and between BAE Systems, the Port District, San Diego Gas & Electric Company, the City of San Diego, Star & Crescent and Campbell Industries (the "Tolling and Standstill Agreement")) including, without limitation, contract-related claims, shall be dismissed WITHOUT prejudice, subject to the terms of the Tolling and Standstill Agreement.

7. The Court shall retain jurisdiction over both the subject matter of the Settlement Agreement and the parties to the Settlement Agreement for the duration of the performance of the terms and provisions of the Settlement Agreement for the purpose of enabling BAE Systems and Campbell to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate to construe, implement, or enforce compliance with the terms of the Settlement Agreement or for any further relief as the interest of justice may require.

8. BAE Systems and Campbell shall each bear their own costs and expenses, including attorneys' fees in this Action through the date of this Order but shall retain their respective right to seek costs and expenses, including attorneys' fees, from other parties to this Action to the extent such claims have not been dismissed or barred.

**IT IS SO ORDERED.**

Dated: June 3, 2016

Hon. William Q. Hayes
United States District Court